UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES R. HOOSER,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

CASE NO.   C05-5363RJB

REPORT AND RECOMMENDATION

Noted for February 3, 2006

    Plaintiff, James R. Hooser, has brought this matter for judicial review of the denial of his application for disability insurance benefits.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the undersigned submits the following report and recommendation for the Honorable Robert J. Bryan's review.

FACTUAL AND PROCEDURAL HISTORY

    Plaintiff currently is fifty-one years old.[1]  Tr. 21.  He has a high school, as well as some vocational technical, education, and past work experience as a truck driver, machine shop operator, fork lift driver, and janitor.  Tr. 13, 99, 106.

---

[1] Plaintiff's date of birth has been redacted in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
Page - 1

On May 16, 2002, plaintiff filed an application for disability insurance benefits, alleging disability as of May 8, 2002, due to high blood pressure, carpal tunnel syndrome, hypothyroidism, and a bipolar disorder. Tr. 13-14, 21, 53-55. His application was denied initially and on reconsideration. Tr. 21-23. He requested a hearing, which was held before an administrative law judge ("ALJ") on November 1, 2004. Tr. 300. Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert. Tr. 300-338.

On January 18, 2005, the ALJ issued a decision, determining plaintiff to be not disabled, finding specifically in relevant part as follows:

(1) at step one of the disability evaluation process, plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability;

(2) at step two, plaintiff had "severe" impairments consisting of bilateral carpal tunnel syndrome and bipolar disorder;

(3) at step three, none of plaintiff's impairments met or equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) at step four, plaintiff had the residual functional capacity to perform a modified range of light work, which precluded him from performing his past relevant work; and

(5) at step five, plaintiff was capable of performing other jobs existing in significant numbers in the national economy.

Tr. 19-20. Plaintiff's request for review was denied by the Appeals Council on April 5, 2005, making the ALJ's decision the Commissioner's final decision. Tr. 5; 20 C.F.R. § 404.981.

On June 3, 2005, plaintiff filed a complaint in this court seeking review of the ALJ's decision. (Dkt. #1). Specifically, plaintiff argues that decision should be reversed for an award of benefits, because the ALJ erred in evaluating the opinion of one of his examining physicians. For the reasons set forth below, however, the undersigned disagrees, and recommends that the ALJ's decision be affirmed.

## DISCUSSION

This court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than

a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in the original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of

REPORT AND RECOMMENDATION
Page - 3

1  a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or
2  "by the record as a whole." <u>Batson v. Commissioner of Social Security Administration</u>, 359 F.3d 1190,
3  1195 (9th Cir.,2004); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>Tonapetyan v. Halter</u>, 242
4  F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the
5  opinion of a nonexamining physician." <u>Lester</u>, 81 F.3d at 830-31. A nonexamining physician's opinion may
6  constitute substantial evidence if "it is consistent with other independent evidence in the record." <u>Id.</u> at 830-
7  31; <u>Tonapetyan</u>, 242 F.3d at 1149.

8   Plaintiff argues the ALJ erred in rejecting the opinion of Dr. Howard Quint that he was limited to
9  sedentary work with the ability to lift a maximum of ten pounds, in favor of the opinion of Dr. Robert G.
10 Hoskins, a non-examining consulting physician, who found him capable of working at the light exertional
11 capacity. <u>See</u> Tr. 15-17, 218-24. The undersigned disagrees. First, it is not entirely clear whether Dr. Quint
12 in fact found plaintiff to be limited to sedentary work, notwithstanding the ALJ's statement in his opinion
13 that he did so. <u>See</u> Tr. 15. At the end of his report, Dr. Quint provided the following functional assessment
14 of plaintiff's work capabilities:

> The number of hours he could stand or walk in an eight-hour workday would be about six hours limited by neck and back discomfort. He could sit for six hours. He uses braces on both wrists for carpal tunnel syndrome. <u>He could occasionally frequently carry 10 pounds limited by hand discomfort.</u> He has occasional postural limitations because of neck and low back discomfort. He has occasional manipulative limitations because of hand discomfort. He has no environmental restrictions.

Tr. 218 (emphasis added).

 The Social Security Regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). Light work, in turn, is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

REPORT AND RECOMMENDATION
Page - 4

20 C.F.R. § 404.1567(b); see also Social Security Ruling ("SSR") 83-10 (full range of light work requires standing or walking, off and on, for total of approximately 6 hours of 8-hour workday).

As noted above, Dr. Quint found plaintiff "could occasionally frequently carry 10 pounds limited by hand discomfort." Tr. 218. This statement does not clearly indicate Dr. Quint felt plaintiff was unable to lift more than 10 pounds at a time. That is, it is unclear whether Dr. Quint thought plaintiff was capable of lifting such weight "occasionally," "frequently," or both, or whether his use of the phrase "occasionally frequently" was even intentional (i.e., a misprint). The remainder of Dr. Quint's functional assessment, furthermore, was far more consistent with light, than sedentary, work. Here, though, the ALJ did interpret that assessment to mean Dr. Quint had limited plaintiff "to sedentary work because of hand discomfort." Tr. 15. Even so, however, the undersigned does not find the ALJ erred in determining that the substantial evidence in the record indicated plaintiff was able to perform a modified range of light work.

First, the ALJ noted that Dr. Quint himself noted that plaintiff "showed poor effort during strength examinations of the hands." Id. Specifically, Dr. Quint found that while plaintiff's "grip strength seemed 5/5," his "left grip was not quite as strong as the right and he did not seem to be giving a good effort in that hand." Tr. 217. Plaintiff acknowledges that the ALJ has the authority to resolve conflicts and ambiguities in the medical evidence, but argues there is no such ambiguity or conflict here for the ALJ to resolve, as he found Dr. Quint had limited him to sedentary work. This argument, however, ignores the ALJ's express qualification of that finding that followed immediately thereafter. That is, although the ALJ did find Dr. Quint had opined that plaintiff was limited to sedentary work based on hand discomfort, he also noted Dr. Quint also specifically found plaintiff's effort in the very area designed to measure manual motor strength to be suspect. In other words, the ALJ found that an important clinical finding conflicted with Dr. Quint's concluding opinion regarding plaintiff's lifting/carrying capabilities.[2]

It is true that the ALJ did not state specifically what evidence in the record was consistent with the opinion of Dr. Hoskins that plaintiff was capable of a modified range of light work. Tr. 16-17 (referring to

---

[2] Thus, while it may be, as plaintiff asserts, that "[a]t no time did Dr. Quint suggest that his inability to assess motor strength of plaintiff's left hand rendered him incapable of making opinions on functional abilities" (Plaintiff's Opening Brief, p. 4), the fact is the ALJ, who is charged with resolving ambiguities and conflicts in the medical evidence, did find such an ambiguity or conflict in Dr. Quint's report. In other words, the inquiry is not whether the reporting medical source felt there was an ambiguity or conflict in his or her own opinion, but rather whether the ALJ's determination that such an ambiguity or conflict did in fact exist is supported by substantial evidence. Here, as discussed above, it does.

REPORT AND RECOMMENDATION
Page - 5

1  Exhibit 7F). The weight of the medical evidence in the record, however, supports that opinion, and the
2  ALJ's reliance thereon. As discussed above, Dr. Quint's own clinical findings fail to support his opinion
3  that plaintiff was limited to sedentary work due to hand discomfort. Indeed, also as discussed above, Dr.
4  Quint's report as a whole indicates that plaintiff's physical capabilities fall more within the modified range of
5  light work. Tr. 215-18. Plaintiff asserts that no other medical source in the record rendered an opinion as to
6  his exertional capacity. The record, however, does contain at least one medical source statement indicating
7  that plaintiff could lift and/or carry 20 pounds. Tr. 285. Dr. Hoskins, furthermore, noted that in light of
8  plaintiff's reported activities of daily living, as well as the normal motor strength and questionable effort he
9  exhibited during Dr. Quint's examination of him, a limitation to lifting/carrying 20 pounds was more
10 appropriate. Tr. 221.

11 Because, for the reasons discussed above, the undersigned finds the ALJ did not err in declining to
12 adopt Dr. Quint's opinion that plaintiff was limited to sedentary work due to hand discomfort, plaintiff's
13 additional argument that he is disabled at age 50 pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1, §
14 201.14, if Dr. Quint's opinion is accepted is without merit.

## CONCLUSION

16 Based on the foregoing discussion, the court should find the ALJ properly concluded plaintiff was
17 not disabled, and therefore should affirm the ALJ's decision.

18 Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
19 the parties shall have ten (10) days from service of this Report and Recommendation to file written
20 objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
21 objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit
22 imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **February 3,**
23 **2006**, as noted in the caption.

24 DATED this 9th day of January, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6